Matthew H. Capron (Bar No. CA 303941)
Capron Law Offices
2220 Otay Lakes Rd Suite 502-92
Chula Vista, CA 91915
Tel: (619) 869-8181
Fax: (619)638-8181
Email: mattcapron@yahoo.com

Attorneys for Plaintiff Luminence, LLC,

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUMINENCE, LLC,<br><br>             Plaintiff,<br><br>   vs.<br><br>HP CRAFT, INC,<br><br>             Defendant | CASE NUMBER: **'16CV2106 BTM DHB**<br><br>COMPLAINT, JURY DEMAND |

## **COMPLAINT AND JURY DEMAND**

Plaintiff, Luminence, LLC ("Plaintiff"), by its undersigned attorneys, CAPRON LAW OFFICES, for its Complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501, and 1202, and 815 I.L.C.S. § 510 *et seq*. Plaintiff seeks compensatory and/or statutory damages in an amount to be established at trial.

///

///

## PARTIES

2. Plaintiff is a limited liability corporation registered in California with a principal place of business at 5580 La Jolla Boulevard #37, La Jolla, California 92037.

3. Upon information and belief, defendant HP Craft, Inc. ("Defendant") is a corporation duly organized and existing under the laws of California, with a principal place of business at 5070 Lindsay Court, Chino, CA 91710.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this District and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A. <u>Plaintiff's Business</u>

7. Plaintiff creates and sells fun and unique fiber optic light-up accessories including, but not limited to, its Glowbys® brand hair attachments. Plaintiff sells its products through its website, www.luminence.com.

8. In support of its business, Plaintiff created artistic and expressive photographic images of Glowbys products displayed on a model.

9. On February 26, 2013, Plaintiff obtained a registration with the United States Copyright Office, Registration Number VA 1-897-465, for the photographic work entitled Girl Wearing Glowbys 1 (the "Copyrighted Work"). Attached hereto as Exhibit A is a copy of the Copyrighted Work.

10. Attached hereto as Exhibit B is a copy of United States Copyright Registration Number VA 1-897-465.

11. Plaintiff has never licensed, authorized, or otherwise permitted the Defendant to reproduce, distribute, display or otherwise use the Copyrighted Work.

B.   Defendant's Unlawful Activities

12. According to its advertising materials and website, Defendant creates and sells novelty items, including fiber optic light-up accessories. Defendant directly competes with Plaintiff with regard to the sale of fiber optic light-up accessories.

13. In October 2014, Plaintiff in California ordered a fiber optic light up hair clip product, using the interactive functionality of Defendant's website. Based on that on-line order and purchase, Defendant shipped its hair clip product to the residence of Plaintiff's sole and managing Member, Chris Bonang, in San Diego, California. The Defendant's packaging for its hair clip product displayed an infringing copy of the Copyrighted Work.

14.  In October 2014, Plaintiff wrote to the Defendant using the email address provided as contact information on the Defendant's website (info@ifavor123.com) to inform it of Plaintiff's copyright registration and demand that Defendant cease its infringement of the Copyrighted Work.

15. Defendant responded to Plaintiff's cease and desist letter by acknowledging the infringement and agreeing to cease selling future products with the Copyrighted Work, and by agreeing to destroy all packaging containing the Copyrighted Work.

16. Despite that notice and demand, Defendant willfully and intentionally continued to infringe Plaintiff's exclusive copyright in the Copyrighted Work.

17. In October 2015 and December 2015, Plaintiff's investigator ordered a fiber optic light up hair clip product, using Defendant's listing on the Ebay website. Based on that on-line order and purchase, Defendant shipped its hair clip product to the residence of Plaintiff's investigator. The Defendant's packaging for its hair clip product displayed an infringing copy of the Copyrighted Work.

COMPLAINT AND JURY DEMAND

18. In July 2016, Plaintiff in California ordered a fiber optic light up hair clip product, using Defendant's listing on the Ebay website. Based on that on-line order and purchase, Defendant shipped its hair clip product to the residence of Plaintiff. The Defendant's packaging for its hair clip product displayed an infringing copy of the Copyrighted Work.

19. Defendant has not denied that its packaging displayed infringing copies of the Copyrighted Work, and Defendant has not asserted any justification or basis to believe it had a right to reproduce, distribute or display the Copyrighted Work.

# FIRST CLAIM FOR RELIEF
# DIRECT COPYRIGHT INFRINGEMENT
# (17 U.S.C. § 101 *et seq.*)

20. Plaintiff realleges paragraphs 1 through 19 above and incorporates them by reference as if fully set forth herein.

21. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, and is entitled to the full protection of the United States copyright laws. Plaintiff owns all exclusive rights to reproduce, distribute, display, and make derivative works of, the Copyrighted Work.

22. Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Defendant and/or the supplier of packaging materials used by the Defendant, had access to the Copyrighted Work prior to the creation, distribution and display of Defendant's infringing packaging.

23. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying its infringing reproduction or derivative variation of the Copyrighted Work as part of the packaging for its fiber optic light up hair clip product.

24. Defendant's infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, despite actual notice and demand to cease its infringement, has been

COMPLAINT AND JURY DEMAND

willful and deliberate, and Defendant has profited at the expense of Plaintiff as a result of its infringing conduct.

25. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover his actual damages from Defendant's misappropriation of the Copyrighted Work without paying a license fee, and the disgorgement of Defendant's profits related to its infringement of the Copyrighted Work, which amounts will be proven at trial.

26. Alternatively, at Plaintiff's election, Plaintiff is entitled to an award of statutory damages under 17 U.S.C. §§ 504(c) in an amount to be determined after trial, up to a maximum of $150,000, based on Defendant's willful infringement of the Copyrighted Work.

27. Defendant's conduct has caused, and any continued infringing conduct will further cause, irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

WHEREFORE, Plaintiff demands judgment as follows:

1. Judgment in favor of the Plaintiff finding that Defendant has infringed Plaintiff's exclusive copyrights in the Copyrighted Work under the Copyright Act;

2. Judgment in favor of the Plaintiff finding that Defendant's infringement is willful;

3. An award of such of actual damages and profits under 17 U.S.C. § 504(b) as the determined after trial, or, in the alternative and at Plaintiff's election, an award of statutory damages under 17 U.S.C. § 504(c), up to a maximum of $150,000;

4. An award to the Plaintiff of its costs incurred in this action, including its reasonable attorneys' fees, pursuant to 17 U.S.C. § 505;

5. An award to the Plaintiff of interest, including pre-judgment interest, on the foregoing sums;

6. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant:

    (a) from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

    (b) destroying all copies, whether electronic or physical, of the Plaintiff's Copyrighted Work.

7. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: August 19, 2016

Respectfully submitted,
CAPRON LAW OFFICES

By: s/Matthew Capron
MATTHEW CAPRON

Attorneys for Luminence, LLC
email: mattcapron@yahoo.com

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-897-465**

**Effective date of registration:**

February 26, 2013

---

## Title
- **Title of Work:** GIRL WEARING GLOWBYS 1

## Completion/Publication
- **Year of Completion:** 2004
- **Date of 1st Publication:** October 1, 2004
- **Nation of 1st Publication:** United States

## Author
- **Author:** LUMINENCE, LLC
- **Author Created:** photograph(s)
- **Work made for hire:** Yes
- **Citizen of:** United States

## Copyright claimant
- **Copyright Claimant:** LUMINENCE, LLC
  5580 LA JOLLA BLVD #37, LA JOLLA, CA, 92037, United States

## Rights and Permissions
- **Organization Name:** LUMINENCE, LLC
- **Name:** CHRIS BONANG
- **Email:** info@luminence.com
- **Telephone:** 858-427-0610
- **Address:** 5580 LA JOLLA BLVD #37
  LA JOLLA, CA 92037 United States

## Certification
- **Name:** CHRIS BONANG
- **Date:** February 22, 2013
- **Applicant's Tracking Number:** GLOWBYGIRL1

# EXHIBIT B



AO 121 (Rev. 06/16)

| TO: | |
|---|---|
| **Register of Copyrights**<br>**U.S. Copyright Office**<br>**101 Independence Ave. S.E.**<br>**Washington, D.C. 20559-6000** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☑ ACTION ☐ APPEAL | | COURT NAME AND LOCATION<br>United States District Court, Southern District of California<br>333 West Broadway, Suite 420<br>San Diego, CA 92101 |
|---|---|---|
| DOCKET NO. | DATE FILED<br>8/19/2016 | |
| PLAINTIFF<br>LUMINENCE, LLC | | DEFENDANT<br>HP CRAFT, INC. |

| | COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OR WORK |
|---|---|---|---|
| 1 | VA 1-897-465 | GIRL WEARING GLOWBYS 1 | LUMINENCE, LLC |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment ☐ Answer ☐ Cross Bill ☐ Other Pleading | | |
|---|---|---|---|
| | COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
| 1 | | | |
| 2 | | | |
| 3 | | . | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>☐ Order ☐ Judgment | WRITTEN OPINION ATTACHED<br>☐ Yes ☐ No | DATE RENDERED |
|---|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

**DISTRIBUTION:**
1) Upon initiation of action, mail copy to Register of Copyrights
2) Upon filing of document adding copyright(s), mail copy to Register of Copyrights
3) Upon termination of action, mail copy to Register of Copyrights
4) In the event of an appeal, forward copy to Appellate Court
5) Case File Copy